AUSA: Thomas Franzinger   Telephone: (313) 226-9100
AO 91 (Rev. 11/11) Criminal Complaint   Task Force Officer: Brian Shock   Telephone: (313) 348-8336

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Sophia Martini
aka Sophia Gjonaj

Case No.
Case: 2:21-mj-30421
Judge: Unassigned,
Filed: 09-01-2021 At 10:54 AM
USA v. SOPHIA MARTINI (CMP)(MLW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Jan. 1, 2019-Jan. 31, 2021__ in the county of __Macomb__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1956 & 1957 | Money Laundering |
| 31 U.S.C. § 5324 | Structuring |

This criminal complaint is based on these facts:
See attached Affidavit.

☐ Continued on the attached sheet.

_Complainant's signature_

Brian Shock, Task Force Officer, DEA
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __September 1, 2021__

_Judge's signature_

City and state: __Detroit, MI__   Hon. Anthony P. Patti, Unites States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Brian Shock, being first duly sworn, depose and state follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a duly sworn Task Force Officer (TFO) of the United States Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Eastern District of Michigan. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), who is empowered by law to conduct investigations of, to make requests for warrants and to make arrests for offenses enumerated in 18 U.S.C. § 2516(1). I have been a sworn Michigan law enforcement officer for approximately 26 years, am currently a Lieutenant of the Roseville Police Department, and have been employed with the Roseville Police Department for 21 years. Prior to this, I was employed as an officer by the City of Detroit Police Department for approximately 5 years. I am a sworn DEA TFO since March of 2020 and prior to that I was assigned to Roseville Police Department Narcotics Section for 10 years. I have received specialized training in drug trafficking, money laundering, diversion of controlled substances, and investigating drug related crimes, from the Detroit Metropolitan Police Academy, the Macomb County Community College Criminal Justice Institute, the Oakland County Criminal Justice Institute, the Michigan State Police as well as the DEA. During my career, I have performed

1

undercover assignments portraying roles of both purchaser and dealer of narcotics. Currently, I am assigned to the DEA Financial Investigations Team (FIT) and use all my prior experience and training to investigate any drug trafficking activity involving a money laundering component. I have also participated in multiple Title III investigations involving drug trafficking.

2.     I make this affidavit based on personal knowledge derived from my participation in this investigation and information from oral and written reports about this investigation and others that I have received from state and federal law enforcement officers. The information outlined below was provided for the limited purpose of establishing probable cause and does not contain all details or facts of which I am aware relating to this investigation.

3.     I am requesting an arrest warrant based on probable cause that SOPHIA drug, also known as SOPHIA GJONAJ, date of birth XX/XX/1986, has violated 18 U.S.C. §§ 1956; 1957 (money laundering) and 31 U.S.C. § 5324 (structuring).

## PROBABLE CAUSE

4.     DEA has been investigating Leksi Vulaj, also known as Aleksander Vulaj and Aleksander Vuljaj for his role in distributing controlled substances within the Eastern District of Michigan. Vulaj was previously convicted in the District of Kansas in 2012 of interstate travel in aid of racketeering, in violation of 18 United States Code § 1952, after he was arrested for driving from Arizona to Kansas to pick

2

up more than a kilogram of methamphetamine. Vulaj was sentenced to 60 months in prison and was deported from the United States to Montenegro in 2016.

5. On June 9, 2021, a federal grand jury in the Eastern District of Michigan charged Leksi Vulaj, also known as Aleksander Vulaj and Aleksander Vuljaj, in a Superseding Indictment (21-cr-20287) for violations of 21 U.S.C. §§ 846 (conspiracy to distribute a controlled substance), 18 U.S.C. § 1956(h) (conspiracy to launder monetary instruments), 18 U.S.C. § 1956(a)(2)(B)(i) (laundering of monetary instruments), and 18 U.S.C. § 1957 (monetary transactions in property derived from specific unlawful activity). Specifically, Vulaj was charged with conspiring to distribute more than 10 kilograms of cocaine and more than 100 grams of carfentanyl, an opioid analogue of fentanyl.

6. In late 2020, I lawfully monitored a phone call between Vulaj and one of his Detroit-area criminal associates. During that call, Vulaj described how his girlfriend, Sophia MARTINI, collected proceeds from his drug sales and either deposited those proceeds into banks or provided them to money launderers. MARTINI is a resident of Macomb County within the Eastern District of Michigan.

7. Over at least two years, MARTINI has engaged in activity consistent with laundering and transferring proceeds from illegal drug sales. Bank records show that between at least May 2019 and January 2021, MARTINI has made over 350 deposits of U.S. currency into ATMs at Detroit-area banks, totaling approximately

$737,355.00. MARTINI made the deposits into accounts at PNC Bank, Chase Bank, and Bank of America, into various accounts held in her own name, as well as in the names of a suspected co-conspirator in the Eastern District of North Carolina) and a company run by the co-conspirator. The company's name contains "LV" in its name, which are the initials of Leksi Vulaj. Each of MARTINI's deposits appear to be structured; that is, they are each below the $10,000.00 threshold that would have required the bank to file a currency transaction report. MARTINI also took steps to mask her transactions by making several deposits into different accounts at the same ATM, and by spreading her deposits out through ATMs at different branches of the same bank in the Detroit area. Video surveillance obtained from PNC Bank for deposits on October 1, 2, 5, and 6, 2020, confirmed that MARTINI was the person making the deposits.

8. Investigators also identified more than 25 international wire transfers during the same time period of May 2019 through January 2021 from bank accounts held by MARTINI, the co-conspirator in North Carolina, and the company. At least 13 of these transfers were from MARTINI's accounts and were for amounts greater than $10,000.00. Each of the wires was from banks in the United States to bank accounts in Montenegro, with the listed beneficiary or recipient as "Leksi Vulaj."

9. Travel records confirm MARTINI's association with Leksi Vulaj. In February 2021, MARTINI traveled from the United States to Montenegro. Border

4

records obtained through law enforcement intelligence showed that MARTINI regularly crossed the border between Montenegro and Albania with a man using identity documents in the name of "Leksi Vulaj." Agents obtained intelligence information showing that "Leksi Vulaj's" date of birth is the same date of birth used by "Aleksander Vulaj" previously convicted in the District of Kansas.

10. MARTINI again departed for Europe on or about June 7, 2021. Law enforcement intelligence confirmed that she crossed the Montenegro-Albania border with Leksi Vulaj several times. MARTINI returned to the Eastern District of Michigan on or about July 17, 2021.

## CONCLUSION

11. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that between on or about January 1, 2019, through on or about January 31, 2021, Sophia MARTINI, also known as Sophia GJONAJ, laundered drug proceeds (18 U.S.C. § 1956), structured deposits to evade currency reporting requirements (31 U.S.C. § 5324), and engaged in monetary transactions over $10,000 involving illegal drug proceeds (18 U.S.C. § 1957).

_____
Brian Shock
Task Force Officer, DEA

Sworn to before me and signed in my presence
And/or by reliable electronic means.

_____
Hon. Anthony P. Patti    September 1, 2021
United States Magistrate Judge

6